WILLIAM A. DENTON, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA.

Medicine: PHYSICIANS: COMPLAINT FOR PRACTICING WITHOUT QUALIFICATIONS. The complaint under which plaintiff was convicted charged that at a time and place named plaintiff in error did "commit the offense of practicing medicine, claiming to be a physician, in violation of the provisions of chapter 55 of the Compiled Statutes of the state of Nebraska, in this, that having registered under section 2 of said chapter, he was not entitled to make such registration or to practice as a physician, not being possessed of any of the qualifications in section 4 of

said chapter," etc.    It was *Held* that the complaint did not state facts sufficient to constitute an offense and that the accused was improperly placed upon his trial thereunder.

ERROR to the district court for Burt county.    Tried below before WAKELEY, J.

*Jesse T. Davis* and *Horace E. Powers,* for plaintiff in error.

*William Leese, Attorney General,* for the state.

REESE, J.

This was a criminal prosecution instituted against plaintiff in error before the county judge of Burt county, charging him with a violation of the provisions of the act of March 3, 1881, entitled "An act to regulate the practice of medicine in the state of Nebraska." Session Laws 1881, page 282; Compiled Statutes 1881, chapter 55. The trial before the county judge resulted in a conviction, and from that judgment he appealed to the district court. A motion to quash the complaint was made in the district court, and was sustained, and the prosecutor ordered to file a new one, which was done, and on which the cause was tried, another conviction being the result.    Plaintiff in error now prosecutes error to this court.    Prior to the trial plaintiff in error filed a motion to quash the new complaint.    This motion was overruled and the ruling thereon is assigned for error.    The grounds of the motion were as follows:

"1st.    The complaint does not charge in what particular defendant has violated the chapter mentioned therein.

"2d.    The complaint does not charge any crime under the laws of this state.

"3d.    The complaint is vague, indefinite, and uncertain as to the crime charged."

The complaint charged that plaintiff in error "on the

first day of March 1883, in the county aforesaid, then and there being, did then and there commit the offense of practicing medicine, claiming to be a physician, in violation of the provisions of chapter fifty-five of the Compiled Statutes of the state of Nebraska, in this, that having registered under section two of said chapter, he was not entitled to make such registration, or to practice as a physician, not being possessed of any of the qualifications in section four of said chapter, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska."

Does this complaint charge plaintiff in error with the commission of an offense, and if so, what one? It would not do to say that it is sufficient to charge that he committed "the offense of practicing medicine, claiming to be a physician, in violation of the provisions of chapter fifty-five of the Compiled Statutes," for it is no offense to practice medicine or to claim to be a physician unless such conduct would violate some specific prohibition of the criminal statutes of the state. There are two classes of persons who are prohibited from practicing medicine by the act in question. One is, those who are unregistered, and the other, or second class, those who do not possess any of the qualifications required by section four, whether registered or not. There are three qualifications mentioned in said section, any one of which will entitle a person to registration. *First,* a graduate of a legally chartered medical college or institution having authority to grant the degree of "Doctor of Medicine." *Second,* a person who on the first day of June, 1881, had attended one full course of lectures in a chartered medical college or institution having authority to confer the degree of Doctor of Medicine, and had practiced medicine three years, one of which was in this state. *Third,* a person who at the date named had been engaged in the practice of medicine, etc., for a livelihood for ten years, the last two of which was in this state.

The complaint contains the allegation that plaintiff in error. was "registered under section two of said chapter," therefore he is not of the first class of persons above alluded to.    It was evidently the purpose of the pleader to charge that he was one of the second class named: that is, that he was not a graduate, nor had he taken the course of lectures and practised medicine three years, one of which was in this state, nor had he practised such profession ten years, two of which was in this state.    But does the complaint so charge?   We think not.   While much of the strictness of the former rules of practice has been dispensed with, yet sufficient must be. alleged to indicate clearly the crime charged.    It is also true that where a statute in apt words describes the act declared criminal, it is sufficient to charge the commission of the crime in substantially the words of the act.    But the description of the "qualifications" necessary is not found in the section (9) which provides the punishment and defines the crime, but are contained in section four, which permits the registration. . Therefore it was necessary to go to that section for the allegation descriptive of the offense.    It was necessary that the fact that plaintiff in error engaged in the practice of medicine, etc., should be alleged, and that either one or all of the qualifications mentioned in section four, according to the fact, did not exist.    This should be done, substantially, in the language of the statute in which they occur.    This was not done, and the motion to quash the complaint should have been sustained on the ground that it did not charge an offense.

The judgment of the district court is reversed, the motion to quash the complaint sustained, the prosecution dismissed, and defendant discharged.

JUDGMENT ACCORDINGLY.

THE other judges concur.