STATE *vs.* GEORGE MARTIN.

STATE *vs.* WILLIAM J. GAILBRAITH.

STATE *vs.* FRANK WHITEHOUSE.

STATE *vs.* FREDERIC L. SMITH.

PROVIDENCE—JUNE 28, 1901.

.PRESENT.: Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Statutes.    Constitutional Law.    Indictments.*

Under Gen. Laws cap. 250, the question of the constitutionality of an act cannot be raised by a demurrer to an indictment charging a violation of the act.   The demurrer simply raises the question of the sufficiency of the allegations of the charge.

(2)  *Indictments.    Practice of Dentistry.*

Pub. Laws cap. 470, § 6, amending Gen. Laws cap. 155, provides that any person who shall practice dentistry in violation of the chapter shall be

deemed guilty of a misdemeanor and shall be punished as therein provided. The chapter provides for the appointment of members of the board of registration in dentistry; for a registry with said board of every person engaged in the practice of dentistry, and a certificate to that effect from the board; for an examination before the board of all persons intending to enter the practice of dentistry, and a certificate from the board.

An indictment charged that defendants practiced dentistry without having received a certificate from the board that defendants had passed a satisfactory examination before said board, and without having complied with Gen. Laws cap. 155 and the amendments thereto:

*Held,* on demurrer, that the indictment was sufficient, although not alleging on whom the defendants practiced.

INDICTMENT, charging an offence set out in the opinion. Heard on demurrer, and demurrer overruled.

STINESS, C. J.    The defendants are severally indicted for practicing dentistry without having received a certificate from the board of registration in dentistry that the defendants had passed a satisfactory examination before said board, and without having first complied with the provisions of Gen. Laws cap. 155 and the amendments thereto.

Each defendant demurs to the indictment against him on several grounds.

(1)    In some of the cases the argument was pressed upon the ground that the statute is unconstitutional.

This question, however, is not before the court, as a demurrer simply raises the question of the sufficiency of the allegations of the charge, and the question of the constitutionality of an act is controlled by the provisions of Gen. Laws cap. 250.    The grounds of demurrer, in substance, are that the indictment does not set forth an offence known to the law with sufficient clearness; nor notify the defendant for what he is to be tried; nor set forth how he practiced dentistry; nor charge an offence within the rules of criminal pleading.

(2)    The statute, as amended by Pub. Laws cap. 470 (1897), provides for the appointment of members of the board; for a registry with said board of every person engaged in the practice of dentistry, and a certificate to that effect from the board; for an examination before the board of all persons

who intend to enter the practice of dentistry in this State, and a certificate from the board; and for fees for examinations and certificates.

Section 6 of the act, as amended by Pub. Laws cap. 470, is as follows:

"Any person who shall practice, or attempt to practice, dentistry in this State, in violation of the provisions of this chapter, shall be deemed guilty of a misdemeanor and shall be liable to indictment therefor, and upon conviction shall be fined not less than fifty dollars nor more than one hundred dollars for each and every offence; and the opening or maintaining a dentist's office, the displaying of a dentist's sign or doorplate, or the advertising a readiness to practice dentistry in this State in the public prints, or by cards, circulars, posters, or in any other manner, by any such person shall be evidence of such violation."

Other provisions of the act do not bear upon this case.

The offence declared in the statute is that of practicing dentistry in violation of the provisions of the chapter; and these indictments not only charge this but specify that the offence consists in doing so without having received a certificate from the board of registration in dentistry that the defendant had passed a satisfactory examination before said board. Under the statute this constitutes the whole offence. The defendant urges that it does not inform him upon whom he practiced. He relies upon State v. Maloney, 12 R. I. 251, an indictment for obstructing an officer; and State v. Doyle, 11 R. I. 574, a complaint for a sale of liquor.

Both of these offences involved a single act; an assault upon a particular officer, and a sale to a particular person. It was necessary to specify, because, otherwise, the defendant could not know what particular act was charged; or because the complaint or indictment might have been made upon one act and a different one proved. Practicing dentistry, however, is a general and not a particular offence. It may consist of several acts, and hence it is more like the charge of maintaining a nuisance, with reference to which it was held, in State v. Doyle, 15 R. I. 527, that the names of the persons frequent-

ing the place need not be set forth ; and in *State* v. *Tracey*, 12 R. I. 216, that it was not to be presumed that the defendant maintained several nuisances, and that if he was embarrassed by not knowing which of several nuisances kept by him was complained of he could apply to the court for a specification of that to which the evidence would relate.

The argument in this case is that, as the statute specifies several acts which may be evidence of practicing or attempting to practice dentistry, the defendant could be indicted for each act.   Doubtless a person might be indicted under this law for practicing dentistry on different days or in particular cases ; as in gambling cases for dealing faro at different times, *State* v. *Melville*, 11 R. I. 417 ; or several instances might be offered as proof of one continuous offence, in cases for being a common gambler, or for keeping a nuisance or house of ill-fame, different acts may be shown.   It is well settled, however, that a prosecution for an offence which is a continuing one, is a bar to a subsequent prosecution for the same offence charged to have been committed at any time previous to institution of the first prosecution.   17 Am. & Eng. Ency. of Law, 2nd ed. pp. 603, 604, and cases cited ; 1 Bish. Crim. Pro. § 436.

In this case but one offence is charged.   The indictment sets it out as the practice of dentistry without having received a certificate that the defendant had passed the required examination.   The proof of the certificate by a defendant is a complete defence.   The practice of dentistry without it is the offence set out in the statute and the offence charged.

The case therefore differs from those relied on in support of the demurrer.   In *State* v. *Pirlot*, 19 R. I. 695, the indictment was held to be bad because it simply charged the defendant with practicing medicine against the form of the statute, without stating in what particular the illegality consisted.   To the same effect are *State* v. *Goldman*, 44 Tex. 104 ; *State* v. *Carey*, 4 Wash. St. 424, and *Denton* v. *State*, 21 Neb. 445.

We are therefore of opinion that the charge is properly stated.

Demurrer overruled, and case remitted.

*Willard B. Tanner, Attorney-General,* for State.

*John M. Brennan, T. F. Farrell, F. P. Owen, and E. C. Pierce,* for defendants.